**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| GARRETT TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:19-cv-303 |
| | ) | |
| ANDREW SAUL, Acting Commissioner of the Social Security Administration, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court on the Report and Recommendation of the Magistrate Judge dated January 13, 2020. Plaintiff Garret Tucker petitioned this Court pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Defendant") denying his claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423. Both Plaintiff and Defendant filed motions for summary judgment.

Federal Rule of Civil Procedure 72(b) provides that a magistrate judge may hear a dispositive motion, without the consent of the parties, and recommend the disposition of the matter to a district judge. FED. R. CIV. P. 72(b). Additionally, the Rule requires a district judge to whom a case is assigned to make a de novo determination on the record, or receive

additional evidence, on any portion of the magistrate judge's disposition, to which a party has made a specific written objection. Id. Further, a party must make any objections to the magistrate judge's recommendation within fourteen (14) days of being served with a copy of the order or waives its right to appellate review.

Under 42 U.S.C. § 405(g), the Court's review of a final decision of the Commissioner of Social Security is limited to determining whether there is substantial evidence to support the Commissioner's findings of fact and whether those findings were reached by application of the proper legal standards. Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). After a thorough review and analysis of the administrative record and Plaintiff's assignments of error, the Magistrate Judge found that the Commissioner's decision was supported by substantial evidence. The Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be denied, and that Defendant's Motion for Summary Judgment be granted.

On January 27, 2020, Plaintiff filed timely objection pursuant to 28 U.S.C. § 636, Rule 72(b), and Local Rule 7, challenging the Magistrate Judge's recommendation regarding the cross motions for summary judgment. On February 10, 2020, Defendant filed a timely response to Plaintiff's objection. Having conducted a de novo review of the administrative record

2

and the controlling case law, and after considering the Plaintiff's objections, this Court agrees with the Magistrate Judge's recommendation.

Plaintiff raises one objection to the Magistrate Judge's recommendation. Plaintiff argues that the Magistrate Judge erroneously found that the ALJ's Residual Functional Capacity ("RFC") assessment of Plaintiff was supported by substantial evidence, specifically that the weight given to the opinions from multiple treating source doctors was appropriate. Essentially, Plaintiff is rearguing the issues he raised in his initial brief, arguments rejected by the Magistrate Judge. Yet, merely restating arguments raised in the summary judgment filings "does not constitute an 'objection' for the purposes of district court review." See Nichols v. Colvin, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015)(citing Abou-Hussein v. Mabus, No. 2:09-1988-RMG-BM, 2010 U.S. Dist. LEXIS 114830, at *1 (D.S.C. Oct. 28, 2010), aff'd 414 F. App'x 518 (4th Cir. 2011)).

Contrary to Plaintiff's objection, the Magistrate Judge properly held that substantial evidence supports the ALJ's evaluation of Plaintiff's treating physicians. The Magistrate Judge correctly noted that courts "generally should not disturb an ALJ's decision as to the weight afforded a medical opinion absent some indication that the ALJ 'dredged up specious inconsistencies.'" Keaton v. Colvin, No. 3:15-cv-588, 2016 U.S.

3

Dist. LEXIS 184781, at *10 (E.D. Va. July 11, 2016)(citing <u>Dunn v. Colvin</u>, 607 Fed. Appx. 264, 267 (4th Cir. 2015)). Material inconsistencies are a compelling basis to give little weight to a medical opinion. <u>Hamm v. Colvin</u>, No. 14-cv-38, 2015 U.S. Dist. LEXIS 3204, at *26-28(E.D. Va. Jan. 12, 2015)(quoting <u>Burch v. Apfel</u>, 9 F. App'x 255, 260 (4th Cir. 2001)). Here, as the Magistrate Judge explained, the inconsistencies at issue are far from specious.

In assessing Plaintiff's RFC, the ALJ found that the treating physicians' checkbox opinions relied solely on Plaintiff's subjective complaints, which conflicted with the record, including the treating physicians' own prior observations and Plaintiff's statements. Plaintiff argues that the Magistrate Judge erred in failing to conclude the ALJ committed reversible error by finding the inconsistencies in the record to be material and thus giving little weight to the medical opinions of the treating doctors. The Magistrate Judge addressed and rejected this objection, noting that the ALJ did not disregard totally any medical opinion but gave modest weight to three treating physicians' opinions and minimal weight to the fourth medical opinion. As the Magistrate Judge noted, the ALJ has the exclusive duty to evaluate the medical opinions in the record and is not required to accept any medical opinion regarding the nature and severity of a claimant's impairment,

4

including treating source's opinion, as controlling. 20 C.F.R. § 404.1527; see Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). If a physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, "it should be accorded significantly less weight" and courts "must defer to the ALJ's assignments of weight unless they are not supported by substantial evidence." Craig v. Charter, 76 F.3d 585, 590 (4th Cir. 1996); Dunn v. Colvin, 607 F. App'x 264, 271 (4th Cir. 2015). The Magistrate Judge further noted that whether the ALJ pointed to specific evidence is irrelevant because the Social Security Administration regulations do not require an express discussion of each factor for weighing an opinion, and the conclusion reached was consistent with the record as a whole. See Baxter v. Astrue, No. SKG-10-3048, 2012 U.S. Dist. LEXIS 1171, at *14-15 (D. Md. Jan. 4, 2012). Because the physicians relied on subjective complaints and the complaints conflicted with the record as a whole, the Magistrate Judge concluded there was no "other realistic course for the ALJ to take" other than to give these opinions less than controlling weight. Burch v. Apfel, 9 F. App'x 255, 260 (4th Cir. 2001)(unpublished). Consequently, the Magistrate Judge found the Court must defer to the ALJ's assignment because it is supported by substantial evidence. This Court agrees with the Magistrate Judge's conclusion.

5

Based on a <u>de</u> <u>novo</u> review of the evidence in this case and having reviewed the Report and Recommendation, the Plaintiff's Objections and Defendant's Response, it appears to the Court that the Magistrate Judge's Report and Recommendation is correct for the reasons stated. This Court finds the Report and Recommendation neither clearly erroneous nor contrary to law. This Court adopts the Magistrate Judge's Report and Recommendation; and, it is hereby

ORDERED that Plaintiff's Motion for Summary Judgment is DENIED; the Defendant's Cross-Motion for Summary Judgment is GRANTED; and the Defendant's final decision is DISMISSED.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June 15, 2020